IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN LOGAN,<br><br>      Plaintiff,<br><br>v.<br><br>ILLINOIS DEPARTMENT OF CORRECTIONS,<br><br>      Defendant. | Case No. 24-cv-195-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

On January 29, 2024, Plaintiff Justin Logan, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Graham Correctional Center, filed a Motion for Preliminary Injunction (Doc. 1). The motion appears to be a proposed order for the defendant to appear before the Court. Although the motion refers to Logan's Complaint, Logan has not filed a complaint in this case. Nor does his motion provide any insight into his potential claims, other than to request that IDOC employees refrain from harassing him as he exhausts his administrative remedies.

The first step in this action is to file a complaint. *See* FED. R. CIV. P. 3, Advisory Committee Notes, 1937 Adoption. Rule 3 of the Federal Rules of Civil Procedure provides that "[a] civil action is commenced by the filing of a complaint with the court." Although Logan's motion refers to a complaint, supporting affidavits, and memorandum, Logan has not filed these documents, and his motion cannot serve as a complaint. The motion

1

does not satisfy the basic requirements of a pleading, which requires a case caption that names each party, and factual allegations that plainly describe the relief sought from the named parties. FED. R. CIV. P. 10 (a caption must name all parties, and a party must state claims in separate paragraphs each limited to a single set of events); FED. R. CIV. P. 8 (a pleading that states a claim must contain a short plain statement about the court's jurisdiction, the claims for relief, and a demand for the relief sought). Without a document that meets these basic requirements, Logan cannot proceed.

Although *pro se* litigants are not held to the same standards applied to licensed attorneys, *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999), they are also "not entitled to a general dispensation from the rules of procedure." *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). Without a complaint, the Court cannot properly analyze Logan's claims, and it also cannot grant injunctive relief because the Court must analyze the potential merits of the underlying claim. *See*, *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (to seek a preliminary injunction, a plaintiff must establish: a likelihood of success on the merits of his claim; no adequate remedy at law; and, irreparable harm without the injunctive relief).

Accordingly, Logan is **GRANTED** leave to file a formal Complaint. The deadline for filing a Complaint is **February 28, 2024**. Logan is warned that if he does not file anything by that time, this action shall be dismissed for failure to follow court orders. Because Logan's motion for preliminary injunction fails to include any allegations in support of his request for injunctive relief, the motion (Doc. 1) is **DENIED**. To the extent Logan seeks injunctive relief, he may file a renewed motion with his Complaint. To assist

Logan in drafting a formal Complaint, the Clerk of Court is **DIRECTED** to send Logan a blank civil rights complaint form.

**IT IS SO ORDERED.**

DATED:  **January 30, 2024**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**