IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JUSTIN LOGAN,

           Plaintiff,

v.

ILLINOIS DEPARTMENT OF
CORRECTIONS,

           Defendant.

Case No. 24-cv-195-NJR

## ORDER OF DISMISSAL

**ROSENSTENGEL, Chief Judge:**

On January 29, 2024, Plaintiff Justin Logan, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Graham Correctional Center, filed a motion for preliminary injunction (Doc. 1). He failed, however, to file a formal Complaint. His motion also failed to provide any details as to potential claims or any pertinent factual information. The motion only stated that Logan requested employees stop harassing him while he sought to exhaust his administrative remedies (*Id.*).

Because Logan failed to file a Complaint and failed to include any factual information in his motion, the Court denied his motion for preliminary injunction and directed Logan to file a formal Complaint. The deadline for filing a Complaint was February 28, 2024. On February 20, 2024, Logan also was directed to file a notice consenting or declining to consent to magistrate judge jurisdiction (Doc. 5). He had previously been ordered to file the notice and failed to do so (Doc. 2). He was granted additional time, up to and including February 27, 2024, to file the required notice or face

sanctions (*Id.*).

Both deadlines have now passed, and Logan has neither filed a formal Complaint nor his required notice. The Court will not allow this matter to linger any longer.

Accordingly, this action is **DISMISSED without prejudice** for Logan's failure to comply with a Court Order and/or prosecute his claims. *See* FED. R. CIV. P. 41(b).

If Logan wishes to appeal this Order, he must file a notice of appeal with this Court within **30 days** of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Logan does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999). He must list each of the issues he intends to appeal in the notice of appeal, and a motion for leave to appeal *in forma pauperis* must set forth the issues he plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close the case.

**IT IS SO ORDERED.**

**DATED:   March 13, 2024**

                                                                                                         _____
                                                                                                         **NANCY J. ROSENSTENGEL**
                                                                                                         **Chief U.S. District Judge**